UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Myung Koo Lee,

    Plaintiff,

              - against -

World Construction and Youn-S. Jang

    Defendants.
-------------------------------------------------------------X

**COMPLAINT**
06-CV-3235 (RJH)

ECF Case

## PRELIMINARY STATEMENT

1. Plaintiff worked as an employee of Defendants in April 2005. During his employment, Plaintiff consistently worked more than 40 hours a week. Defendants did not pay Plaintiff any amount of his contractually agreed wages or for overtime work. This is an action under the federal and state labor laws to recover damages suffered by Plaintiff as a result of Defendants' breach of contract and failure to pay Plaintiff his lawful wages plus liquidated damages and interest.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on the Court by 28 U.S.C. §§ 1331 and 1337 and by 29 U.S.C. § 216. Plaintiff's consent to bring this lawsuit is attached. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. This Court has venue pursuant to 28 U.S.C. §1391(b).

## PARTIES

3. Plaintiff Myung Koo Lee ("Mr. Lee") is a former employee of Defendants.

4. Defendant World Construction is a construction company last known to be based at 139-29 34th Rd., Flushing, NY 11354.  Upon information and belief, World Construction is engaged in interstate commerce and has gross sales of over $500,000.00.

5. Defendant Youn S. Jang ("Mr. Jang") is, on information and belief, the owner of World Construction.  He is also the manager of the business and has the power to hire and fire employees, set their wages, set their schedules and maintain their employee records.  He was Plaintiff's employer as that term is defined by the Fair Labor Standards Act and New York Labor Law.

## STATEMENT OF FACTS

6. Mr. Lee was employed as a construction day laborer with World Construction.  Mr. Lee performed general construction duties for Defendants for a building in New Rochelle, New York, such as basic construction and home improvement, painting, routine maintenance, and other construction-related activity.  Upon information and belief, the building in New Rochelle where Mr. Lee worked was the Cameroon Embassy.

7. Mr. Lee generally worked from 8:00 a.m. to 5:00 p.m., with a 30 minute lunch break.

8. Mr. Lee worked for Defendants from April 14, 2005 until April 20, 2005.

9. Mr. Lee's agreed payment rate was $150.00 per day.

10. Mr. Lee was never paid for any of the seven days of his employment.

11. Mr. Lee was never paid overtime pay for his hours over 40 hours a week.

12. Upon information and belief, Defendants willfully and intentionally did not maintain employment records of Mr. Lee's employment.

13. Defendants willfully and intentionally failed to pay Mr. Lee his lawful wages.

NY3 - 402937.04

### FIRST CAUSE OF ACTION

### Federal Minimum Wage Violation

14. Plaintiff alleges and re-alleges the paragraphs above.

15. Defendants' intentional failure to pay Plaintiff the proper minimum wage of $5.15 per hour violates 29 U.S.C. § 201 et seq.

### SECOND CAUSE OF ACTION

### State Minimum Wage Violation

16. Plaintiff alleges and re-alleges the paragraphs above.

17. Defendants' intentional failure to pay Plaintiff the proper minimum wage of $6.00 per hour violates New York Labor Law § 650 et seq.

### THIRD CAUSE OF ACTION

### Federal Overtime Violation

18. Plaintiff alleges and re-alleges the paragraphs above.

19. Defendants' intentional failure to pay Plaintiff the proper overtime pay violates 29 U.S.C. § 201 et seq.

### FOURTH CAUSE OF ACTION

### State Overtime and Spread of Hours Pay Violations

20. Plaintiff alleges and re-alleges all the paragraphs above.

21. Defendants' intentional failure to pay Plaintiff the proper overtime and spread of hours pay violates New York Labor Law § 650 et seq. and supporting regulations and orders of the New York State Department of Labor.

### FIFTH CAUSE OF ACTION

<u>State Payment of Wages Violation</u>

22. Plaintiff alleges and re-alleges all the paragraphs above.

23. Defendants' intentional failure to pay Plaintiff his contractually agreed-upon wage violates New York Labor Law § 190 <u>et</u> <u>seq</u>.

PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests that judgment be granted as follows:

    a. Awarding Plaintiff compensatory damages, liquidated damages and prejudgment interest;

    b. Awarding Plaintiff his attorney's fees and costs; and,

    c. Granting any such other and further relief as the Court deems just and proper.

Dated April 25, 2006
    New York, NY

    /s_____

Steven Choi
ASIAN AMERICAN LEGAL DEFENSE
   AND EDUCATION FUND
99 Hudson Street
New York, New York 10013
212-966-5932

Attorney For Plaintiff

NY3 - 402937.04

4